1  Brian E. Bisol (State Bar No. 180672)
   THE BISOL FIRM, APC
2  19800 MacArthur Boulevard, Suite 1000
   Irvine, California 92612
3  Telephone   (949) 769-3680
   Facsimile:   (949) 263-0005
4
   Attorneys for Plaintiff Leland S. Saylor
5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  LELAND S. SAYLOR, | Case No. **CV12-7268 MWF(CWx)** |
| 12                    Plaintiff, | |
| 13  vs. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF:** |
| 14  SAYLOR PUBLICATIONS, INC., a California Corporation; SIERRA WEST LLC, a California Limited Liability Company; and MARY WALLERS, an individual; | (1) **Trademark Infringement / False Designation of Origin / Unfair Competition under § 43(A) of The Lanham Act (15 U.S.C § 1125(A));** |
| 15 | |
| 16 | (2) **Trademark Dilution under § 43(A) of The Lanham Act (15 U.S.C § 1125(C));** |
| 17                    Defendants. | (3) **Common Law Passing-Off;** |
| 18 | (4) **Trademark Infringement under California Law (Cal. Bus. & Prof. Code § 14320);** |
| 19 | |
| 20 | (5) **Trademark Dilution under California Law (Cal. Bus. & Prof. Code § 143330, *et seq.*);** |
| 21 | (6) **Violation of Right of Publicity under California Law (Cal. Civ. Code § 3344.1);** |
| 22 | |
| 23 | (7) **Violation of Right of Publicity under California Common Law; and,** |
| 24 | (8) **Violation of The California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200, *et seq.*).** |
| 25 | |
| 26 | **[JURY TRIAL DEMANDED]** |

27

28

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0005

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF

1   For claims for relief against defendants Saylor Publications, Inc., a California

2   corporation, Sierra West, LLC, a California limited liability company, and Mary

3   Wallers, an individual (collectively, "Defendants"), plaintiff Leland S. Saylor, an

4   individual ("Plaintiff"), alleges as follows:

## I.

## GENERAL ALLIGATIONS

A.   **PARITES**

    a.   **Plaintiff**

9   1.   Plaintiff Leland S. Saylor ("Plaintiff") is, and at all relevant times

10   herein was, a resident of San Francisco County, California.

    b.   **Defendants**

12   2.   Plaintiff is informed and believes that defendant Saylor Publications,

13   Inc. ("Publications") is, and at all relevant times herein was, a corporation

14   organized and existing under the laws of the States of California, with its registered

15   principal place of business with the California Secretary of State located within this

16   Judicial District at 9420 Topanga Canyon Boulevard #205, Chatsworth, California

17   91311.

18   3.   Plaintiff is informed and believes that defendant Sierra West, LLC

19   ("Sierra West") is, and at all relevant times herein was, a limited liability company

20   organized and existing under the laws of the State of California with its registered

21   place of business with the California Secretary of State located at 2730 Gateway

22   Oaks Drive #110, Sacramento, California 95833.  Further, Sierra West conducts

23   business in this Judicial District.

24   4.   Plaintiff is informed and believes that defendant Mary Wallers

25   ("Wallers") is, and at all relevant times herein was, a resident of Sacramento

26   County, California.  Further, Wallers conducts business in this Judicial District.

    c.   **Agency**

28   5.   Plaintiff is informed and believes that each of the defendants were the

THE BISOL FIRM, APC
18800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 763-0905

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

1  agent or employee of each of the remaining defendants, and at all times mentioned

2  herein, acted within the course and scope of such agency and/or employment.

## II.

### JURISDICTION AND VENUE

5        6.    This Court has subject matter jurisdiction over all federal causes of

6  actions set forth herein based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a)

7  and 1338(b), and supplemental jurisdiction over all state causes of action under 28

8  U.S.C. § 1367.

9        7.    This Court has personal jurisdiction over Defendants by virtue of, *inter*

10  *alia,* Defendants': (a) location within the State of California and within this Judicial

11  District; (b) commission of tortious acts within the State of California and within

12  this Judicial District; and/or (c) regular and continuous transaction of business,

13  including the tortious acts complained of herein, within the State of California and

14  within this Judicial District.

15        8.    Venue is proper in this Judicial District and Division pursuant to 28

16  U.S.C. § 1391(b) and (c).

## III.

### FACTUAL BACKGROUND

19  **A.**   **Ownership of Saylor Trademark**

20        9.    Plaintiff has trademark rights in the use of his name SAYLOR (the

21  "Mark"), U.S. Trademark Registration No. 3,976,948.

22       10.    Plaintiff has used the Mark since the early 1960's when he began to

23  market and sell construction cost reference manuals ("Construction Cost Manuals").

24       11.    *Current Construction Costs* is an example of an annual Construction

25  Cost Manual, authored and published by Plaintiff beginning in 1963, that is used by

26  many governmental agencies, the private sector and is distributed throughout the

27  United States under the SAYLOR name.

28  / / / /

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3600
Facsimile: (949) 263-0005

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

**B.** **Expertise of Leland Saylor in the Construction Industry**

12.    Plaintiff has over forty (40) years of experience in construction program management, estimating, cost engineering, value engineering and life cycle costing.  He has provided cost planning services for more than 4,000 projects, including state and federal office building projects, courthouses, correctional facilities, aviation centers and large-scale public transit infrastructure projects in major urban areas.

13.    Some of Plaintiff's significant and recognizable works include the San Francisco Bay Bridge, Paris Casino and Universal Studios, Orlando.

14.    Plaintiff's work and reputation for knowledge and expertise are recognized domestically and internationally.

**C.** **Use of Saylor Trademark**

15.    Due to Plaintiff's reputation and notoriety in the construction industry, construction cost data and Construction Cost Manuals authored, developed and published by Plaintiff, or under license from Plaintiff, are commonly known and referred to as SAYLOR cost data and indices.

16.    Plaintiff continues to do business through various entities that prominently feature the SAYLOR name and mark, under license from Plaintiff.

**D.** **Formation and Sale of Lee Saylor, Inc.**

17.    Plaintiff established Lee Saylor, Inc. in 1968 which, among other things, published Construction Cost Manuals under the SAYLOR name pursuant to license granted by Plaintiff.

18.    In 1991, it became necessary, for various business reasons, to segregate the publishing of Construction Cost Manuals from Lee Saylor, Inc.

19.    Later that same year, 1991, Lee Saylor, Inc. was subsequently sold.  No intellectual property rights were transferred as part of the sale other than the right to the continued use of the name "Lee Saylor, Inc." for the then current business of the company.

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0885

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF

20.     Lee Saylor, Inc. was dissolved shortly after its sale.

**E.     Formation of Saylor Publications, Inc. and the Oral License Agreement**

21.     In late 1991, Plaintiff contacted Stanley J. Strychaz ("Strychaz") about incorporating a separate entity, to be called "Saylor Publications," to update and publish Construction Cost Manuals.

22.     Plaintiff and Strychaz came to an agreement wherein Plaintiff orally licensed to the new entity to be known at "Saylor Publications," the Mark, the use of his name, likeness, right of publicity and other intellectual property for the limited and specific purpose of publishing Construction Cost Manuals (the "Oral License"). Further, the duration of the Oral License was subject to the following conditions: (1) As long as Strychaz personally ran the business operations of Saylor Publishing; and (2) Plaintiff was satisfied with Strychaz' utilization of the Oral License, i.e., Saylor Publishing has appropriate quality control measures in place to protect the reputation of Plaintiff and the Mark. In essence, Plaintiff had the right to revoke the Oral License if either of the aforementioned conditions were not met.

23.     In accordance with Oral License granted by Plaintiff, Strychaz formed "Saylor Publications, Inc." and began publishing Construction Cost Manuals in 1992.

**F.     Mary Wallers**

24.     Plaintiff is informed and believes that Defendant Saylor Publications, Inc., by and through Strychaz, solicited and procured the assistance of Wallers to assist in the annual update of SAYLOR construction cost data and/or indicies.

**G.     Termination of the Oral License**

25.     In or about July 2010, Strychaz passed away, resulting in the Oral License being subject to revocation, as Strychaz would no longer be running the business operations of Saylor Publications.

26.     On or about August 30, 2010, shortly after Strychaz' death, Plaintiff's

THE BISOL FIRM, APC
18600 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0695

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

1  counsel Brian E. Bisol ("Bisol"), of The Bisol Firm, APC, sent correspondence to

2  Saylor Publications' counsel Lawrence Braun ("Braun"), of Sheppard, Mullin,

3  Richter & Hampton, LLP.  Therein, based on the condition precedent of Strychaz

4  having passed away, Plaintiff revoked the Oral License previously granted to Saylor

5  Publications.  (The correspondence of Bisol to Braun, dated August 30, 2010, is

6  attached hereto as Exhibit "A," and incorporated herein by reference.)

7      27.    The termination of Saylor Publications' Oral License automatically

8  terminated any license or sub-license under which Wallers participated in the

9  update of SAYLOR construction cost data and/or indices.

10      28.    On or about December 7, 2011, Plaintiff's counsel Christopher Royce

11  ("Royce"), of The Royce Law Firm, sent correspondence to Wallers and Sierra

12  West.  Therein, Plaintiff officially confirmed the termination of any license or sub-

13  license under which Wallers and/or Sierra West claimed to have used the SAYLOR

14  Mark.  Said correspondence also demanded that Wallers and Sierra West remove all

15  infringing content from Sierra West's website, as well as to cease and desist from

16  falsely representing that Sierra West is the current publisher/editor of SAYLOR

17  indices and/or Construction Cost Manuals.  (The correspondence of Royce to

18  Wallers, dated December 7, 2011, is attached hereto as Exhibit "B," and

19  incorporated herein by reference.)

20      **H.**    **Wallers and/or Sierra West's Purchase of Saylor Publications**

21      29.    Plaintiff is informed and believes that Wallers and/or Sierra West

22  purchased Saylor Publications, Inc. after the Oral License previously granted by

23  Plaintiff had been terminated.

24      **I.**    **Continued Use of Saylor Trademark Without Authorization**

25      30.    Plaintiff is informed and believes Wallers, Sierra West and Saylor

26  Publications continue to infringe upon Plaintiff's Mark without authorization and in

27  disregard of Plaintiff's rights.

28  ////

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1090
Irvine, California 92612
Telephone: (949) 769-3600
Facsimile: (949) 263-0005

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF

# FIRST CLAIM FOR RELIEF

## (Trademark Infringement / False Designation of Origin / Unfair Competition under § 43(A) of The Lanham Act (15 U.S.C. § 1125(a))

### (Plaintiff against Saylor Publications, Sierra West and Wallers)

31.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 30, as if fully set forth herein.

32.   Plaintiff is the sole and exclusive owner of the SAYLOR Mark. As a result of Plaintiff's status, reputation and expertise in the construction industry, both domestically and internationally, the use of the Mark brings certain credibility, and is one of the ways that Plaintiff's products and services are distinguished from the products and services of others.

33.   The Mark is distinctive because it uses the name of a well-known and respected individual in the construction cost and management community.

34.   Plaintiff has cultivated goodwill in the Mark and products and services bearing the SAYLOR name, and using the Mark is understood by customers to be published, authorized, licensed authenticated and/or endorsed by Plaintiff.

35.   Defendants' unauthorized and unlicensed use of the Mark in connection with the continued publication of indices and Construction Cost Manuals under the SAYLOR name, and the marketing of such products in interstate commerce, is likely to cause confusion, mistake or deception as to the source origin or approval of Defendants' products, and also constitutes unfair competition, in violation of Section 43(a) of the Lanham Act. (15 U.S.C. § 1125(a).)

36.   Additionally, Defendants' activities are intended to deceive, and are likely to lead members of the public to conclude, incorrectly, that Defendants' indicies and Construction Cost Manuals are published, authorized, licensed, authenticated and/or endorsed by Plaintiff, to the damage and harm of Plaintiff, its licensees and the public.

37.   Defendants' activities are likely to lead members of the public to

THE BISOL FIRM, APC
19980 MacArthur Boulevard
Suite 1060
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0885

7

1  conclude, incorrectly, that Defendants are affiliated, connected and/or associated
2  with Plaintiff, to the damage and harm of Plaintiff, its licensees and the public.

3      38.    Plaintiff is informed and believes that Defendants have acted
4  knowingly, willfully and with malice in intentionally attempting to confuse the
5  public as to the source of the products and service they offer for sale.

6      39.    Defendants' intentional and willful activities have caused and will
7  continue to cause irreparable harm to Plaintiff for which Plaintiff has no adequate
8  remedy at law in that:

9          (i)    Plaintiff's Mark is an extremely valuable property right, which
10                has no readily determinable market value;

11         (ii)   Defendants' infringement constitutes an interference with
12                Plaintiff's goodwill in the Mark and customer relationships, and
13                will substantially harm Plaintiff's reputation and the SAYLOR
14                Mark as a source of credible Construction Cost Manuals and
15                cost indices as well as dilute the substantial value of Plaintiff's
16                Mark and Plaintiff's name and likeness; and,

17         (iii)  Defendants' wrongful conduct, and the damages resulting to
18                Plaintiff, is continuing.

19  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief
20  pursuant to 15 U.S.C. § 1116(a), and to an order under 15 U.S.C. § 1118 directing
21  the impound of all copies of infringing products.  Plaintiff is entitled to, among
22  other things, the cost of corrective advertising.

23     40.    Defendants' unlawful and willful conduct renders this case an
24  exceptional case, and therefore Plaintiff is entitled to recover reasonable attorney's
25  fees pursuant to 15 U.S.C. § 1117(a).

26  ////
27  ////
28  ////

THE DISOL FIRM, APC
19801 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3600
Facsimile: (949) 263-0005

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

## SECOND CLAIM FOR RELIEF

### (Trademark Dilution under § 43(a) of The Lanham Act (15 U.S.C. § 1125(c))

#### (Plaintiff against Saylor Publications, Sierra West and Wallers)

41.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 40, as if fully set forth herein.

42.     The advertising and/or sale by Defendants of the infringing product and services, has and will continue to infringe upon and dilute the Mark, name and likeness of the Plaintiff.

43.     The advertising and/or sale by Defendants of the infringing product and services, has and will dilute the goodwill in the Mark and the reputation Plaintiff has established in the construction industry.

44.     Plaintiff is informed and believes that Defendants knowingly and willfully trade on and dilute Plaintiff's goodwill and reputation of his Mark.

45.     Plaintiff stands to suffer irreparable harm and dilution of his Mark through blurring and tarnishing of the Mark, and Plaintiff is therefore entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

46.     Defendants' unlawful and willful conduct renders this case an exceptional case, further entitling Plaintiff to recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Common Law Passing-Off)

#### (Plaintiff against Saylor Publications, Sierra West and Wallers)

47.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 46, as if fully set forth herein.

48.     Defendants' actions constitute a knowing and willful passing-off of the products and services of Defendants as those authorized for sale and distribution by Plaintiff.

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3600
Facsimile: (949) 263-0005

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

49. Defendants' acts complained of herein have damaged and will continue to damage Plaintiff irreparably, including without limitation to the reputation and goodwill, which Plaintiff has established over the years in his Mark, services and products. Plaintiff has no adequate remedy at law for the unauthorized and unlawful acts by Defendants. Unless Defendants are enjoined, Defendants will continue to engage in acts of passing-off to the detriment of Plaintiff and the public.

50. Plaintiff is, therefore, entitled to:

    (i)    Preliminary and permanent injunctions enjoining Defendants from using the SAYLOR Mark and, more specifically: (a) enjoining Defendants from the use of the Mark in connection with the advertising, marketing and sale of Construction Cost Manuals and cost indices; (b) enjoining Defendants from passing off Plaintiff's Construction Cost Manuals and cost indices as their own; and (c) enjoining Defendants from passing off competing Construction Cost Manuals and cost indices as those of Plaintiff;

    (ii)    An accounting of all profits from all construction cost Manuals sold by Defendants through their use of the SAYLOR Mark; and,

    (iii)    The imposition of a constructive trust in favor of Plaintiff on all profits obtained from Defendants' passing off.

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement under California Law (Cal. Bus. & Prof. Code § 14320))

### (Plaintiff against Saylor Publications, Sierra West and Wallers)

51. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 50, as if fully set forth herein.

52. Defendants' unauthorized use of Plaintiff's Mark is likely to cause

THE DISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1060
Irvine, California 92612
Telephone: (949) 769-3600
Facsimile: (949) 263-0905

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF

confusion because the relevant consuming public is likely to believe that Defendants' Construction Cost Manuals and other products and services are sponsored or authorized by Plaintiff.  Such acts constitute trademark infringement under Cal. Bus. & Prof. Code § 14320.

53.   Defendants had knowledge of Plaintiff's prior use, and registrations of Plaintiff's Mark, but nevertheless used and continued to use Plaintiff's Mark without authorization and disregard of Plaintiff's rights.

54.   Defendants' infringement of Plaintiff's Mark was and is willful with the intent of trading on Plaintiff's goodwill and reputation.

55.   Defendants' infringement of Plaintiff's Mark has irreparably harmed and damaged Plaintiff's valuable goodwill and reputation and has adversely affected and, unless enjoined, will continue to affect adversely Plaintiff's business conducted in connection with its Mark.

56.   Plaintiff is informed and believes that Defendants have profited from its unauthorized use of Plaintiff's Mark.

57.   As a result of Defendants' actions, Plaintiff has been damaged in an amount not yet determined or ascertainable.

## FIFTH CALIM FOR RELIEF

**(Trademark Dilution under California Law (Cal. Bus. & Prof. Code § 14330, *et seq.*))**

**(Plaintiff against Saylor Publications, Sierra West and Wallers)**

58.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 57, as if fully set forth herein.

59.   Defendants conduct as detailed above dilutes the distinctive quality of Plaintiff's Mark.  This constitutes trademark dilution under Cal. Bus. & Prof. Code § 14330 *et seq.*

60.   Absent injunctive relief, Plaintiff has no means by which to control Defendants' infringement and dilution of the SAYLOR Mark.  Plaintiff is thus

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0903

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

1  entitled to preliminary and permanent injunctive relief prohibiting Defendants from

2  continuing to commit such acts.

3      61.    In performing the conduct described herein, Plaintiff is informed and

4  believes that Defendants acted knowingly, willfully, and with malice, intending to

5  injure Plaintiff and to wrongfully advantage themselves at Plaintiff's expense.

6  Plaintiff is therefore entitled to an award of Defendants' profits and Plaintiff's

7  damages.

8  **SIXTH CLAIM FOR RELIEF**

9  **(Violation of Right of Publicity under California Law (Cal. Civ. Code §**

10  **3344.1))**

11  **(Plaintiff against Saylor Publications, Sierra West and Wallers)**

12      62.    Plaintiff realleges and incorporates by reference the allegations of

13  paragraphs 1 through 61, as if fully set forth herein.

14      63.    Plaintiff holds exclusive rights to Plaintiff's name and likeness.

15      64.    Plaintiff is informed and believes that Defendants have sold and

16  distributed, and continue to offer and distribute, infringing products and services

17  bearing the name and/or likeness of Plaintiff.

18      65.    Plaintiff has not given oral or written consent or license to Defendants

19  for the use of Plaintiff's name and/or likeness.

20      66.    Defendants have violated California Civil Code § 3344.1 by knowingly

21  appropriating, using and exploiting Plaintiff's name and/or likeness on their website

22  and infringing products and services that they advertise and/or distribute for their

23  commercial benefit without the consent or license of Plaintiff.

24      67.    As a result of Defendants' actions, Plaintiff has suffered and will

25  continue to suffer irreparable harm and has been damaged in an amount not yet

26  determined or ascertainable.

27  / / / /

28  / / / /

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 93612
Telephone: (949) 769-3680
Facsimile: (949) 263-0063

12

## SEVENTH CLAIM FOR RELIEF

### (Violation of Right of Publicity under California Common Law)

### (Plaintiff against Saylor Publications, Sierra West and Waller)

68.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 67, as if fully set forth herein.

69.     Defendants' unauthorized use of Plaintiff's name and/or likeness constitutes common law right of publicity violations.

70.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will suffer irreparable harm and injury to his image and reputation as a result thereof.

71.     As a result of Defendants' activities, Plaintiff has been damaged in an amount not yet determined or ascertainable.

## EIGTH CLAIM FOR RELIEF

### (Violation of The California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200, *et seq.*))

### (Plaintiff against Saylor Publications, Sierra West and Wallers)

72.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 71, as if fully set forth herein.

73.     By the acts described above, Defendants engaged in unlawful and unfair business practices and committed unfair, deceptive and misleading acts that have injured, and threated to continue to injure Plaintiff in his business and property.

74.     Plaintiff is entitled to an injunction and restitution for Defendants' violation of The California Unfair Business Practices Act, as provided by of California Business and Professions Code §§ 17200 and 17203.

/ / / /

/ / / /

/ / / /

THE BISOL FIRM, APC
19890 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-4005

13

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

## **PRAYER FOR RELIEF**

WHERFORE, Plaintiff respectfully prays that this Court grant the following relief:

1. Damages, in an amount yet to be determined.

2. Entry of a judgment against Defendants that they have:

 a. Infringed the rights of Plaintiff's Mark in violation of 15 U.S.C. § 1125(a);

 b. Used false designations of origin which are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval under 15 U.S.C. § 1125(a), and engaged in unfair competition prohibited by statute;

 c. Diluted Plaintiff's Mark under 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14330;

 d. Engaged in trademark infringement in violation of Cal. Bus. & Prof. Code § 14320;

 e. Engaged in common law passing-off;

 f. Violated Plaintiff's name, likeness and right of publicity under Cal. Civ. Code § 3344.1 and California Common Law; and,

 g. Violated The California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq.*

3. Entry of a preliminary and, thereafter, permanent injunction against Defendants enjoining and restraining them from the following:

 a. Producing, publishing, manufacturing, distributing, selling, advertising, offering for sale, merchandizing and/or promoting any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Mark and/or Plaintiff's name and likeness;

 b. Engaging in any other activity constituting an infringement of:

  i. Plaintiff's Mark;

THE BISOL FIRM, APC
19900 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0885

14

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

1          ii.     Plaintiff's name, likeness and other rights of publicity;

2         iii.    Plaintiff's right to use or to exploit his name, likeness,

3              rights of publicity and Mark; and

4         iv.    Engaging in other activity, which dilutes, infringes or

5              otherwise harms Plaintiff's Mark, publicity rights, name,

6              reputation or goodwill.

7     c.    Using any false designation of origin or false description which

8         can or is likely to lead the trade or public, or individual members

9         thereof, erroneously to believe either that any product

10       manufactured, published, distributed, offered for sale, sold,

11       licensed, sponsored, approved, endorsed, authenticated or

12       authorized by Defendants was manufactured, published,

13       distributed, offered for sale, sold licensed, sponsored, approved,

14       endorsed, authenticated or authorized by Plaintiff, or that

15       Defendants are affiliated, connected and/or associated with

16       Plaintiff.

17   4.   Entry of an order directing Defendants to file with the Court and serve

18       upon Plaintiff's counsel, within thirty (30) days after entry of the order

19       of injunction, a report setting forth the manner and form in which

20       Defendants have complied with the injunction, pursuant to 15 U.S.C. §

21       1116(a).

22   5.   Entry of an order requiring Defendants to pay restitution of their

23       profits from the above-described activities.

24   6.   Entry of an order requiring Defendants to pay Plaintiff both the costs

25       of this action and the reasonable attorneys' fees incurred by Plaintiff in

26       prosecuting this action, pursuant to 15 U.S.C. § 1117.

27   / / / /

28   / / / /

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3600
Facsimile: (949) 263-0005

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

1    7.    All such other relief as the Court deems proper.

2

3    DATED:  August 23, 2012          THE BISOL FIRM, APC

4

5                                     By: _____
                                          Brian E. Bisol
6                                         Attorneys for Plaintiff Leland S. Saylor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE BISOL FIRM, APC
19900 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 263-0003

16

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a

3   jury trial of any issues if this action so triable.

4

5   DATED:  August 23, 2012              THE BISOL FIRM, APC

6

7                                       By: _____

8                                           Brian E. Bisol
                                            Attorneys for Plaintiff Leland S. Saylor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE BISOL FIRM, APC
19800 MacArthur Boulevard
Suite 1000
Irvine, California 92612
Telephone: (949) 769-3680
Facsimile: (949) 769-0015

17

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

EXHIBIT "A"

# ℬ *The Bisol Firm*
### A PROFESSIONAL CORPORATION
——————ATTORNEYS AT LAW

19800 MacArthur Boulevard · Suite 1000 · Irvine · CA 92612
Telephone: 949.769.3680 · Facsimile: 949.263.0005 · bbisol@bisolfirm.com

August 30, 2010

*Via Facsimile & First Class Mail*

Mr. Lawrence M. Braun
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1422

      Re:    *Saylor Publications, Inc.*

Dear Mr. Braun:

      In accordance with my correspondence of August 23, 2010, we respond herein on behalf of our clients Leland Saylor ("Leland"), N. Saylor Consulting Group, Inc. ("NSCG"), and Leland Saylor & Associates, Inc. ("LS&A"), to your correspondence of August 16, 2010, along with your subsequent e-mail of August 24, 2010.

### Leland Saylor – Industry Innovator

      For approximately a half century, Leland has helped shape and pioneer the field of construction cost estimating. Leland is recognized nationally as one of the most prominent experts in the field, and has an unblemished reputation that demands respect in the construction industry. This is why governmental entities and private industry alike, including numerous insurance companies, seek his assistance in major projects on an ongoing basis. In essence, simply being associated with Leland brings instant credibility.

### Leland Saylor - Ownership of Trademark / Copyright

      Leland has trademark rights in the use of his name, SAYLOR (the "Mark"). His rights to the Mark are well documented and established wherein he began marketing and selling construction cost reference manuals using the Mark in the early 1960's. Since that time, Leland has personally used and licensed the Mark in interstate commerce.

      In 1991, Leland was looking to segregate the publication of the construction cost manuals from his consulting business and he approached his friend Stan Strychaz ("Strychaz") about forming a company to be called Saylor Publications. Strychaz agreed and Leland orally licensed the use of his Mark, name and likeness to Strychaz, which was understood to be used by his

Letter to Mr. Braun, Esq.
August 30, 2010
Page 2

company he later organized, Saylor Publications, Inc ("Saylor Publications"). The same is true regarding the copyright Leland holds on the *Current Construction Cost* manuals (the "Manuals"). Leland granted Strychaz the use of these oral licenses as long as Strychaz personally operated Saylor Publications and Leland was satisfied with Strychaz' utilization. Further, in consideration of the oral licenses, Strychaz granted Leland a purchase option for the fair market value of his shares of Saylor Publications should Strychaz wish to discontinue his operation of the company. Finally, said fair market value would not include any monetary value associated with the use of the Mark, use of the name and likeness of Leland, and use of the copyright for the Manuals, as Leland retained ownership of each at all times.

Leland orally licensed use of the format, order and style of the Manuals to Strychaz. Contrary to the assertions contained in your August 16th letter, Saylor Publications does not hold a copyright on Manuals it published. The fact that Saylor Publications updated and kept the Manuals current did not result in ownership of the copyright. Information and raw numerical data are not copyrightable. It is the format, order and style of the Manuals, previously created by Leland that provides the requisite creativity for copyright.

The Memorandum for Record, dated September 30, 1992, executed and agreed to only by Strychaz (the "Memorandum"), has no legal significance herein, and does not stand for the proposition you purportedly are contending. Specifically, nowhere does the Memorandum state that Leland transferred ownership of his personally owned Mark to Strychaz. Further, the Memorandum does not provide for Strychaz to have the right to use the name and likeness of Leland forever. Additionally, the Memorandum does not address or contradict the fact that Leland personally holds the copyright for the format, order and style of the Manuals. In essence, Strychaz is simply claiming Saylor Publications has ownership in its updating of the Manuals, which as addressed above, is not copyrightable. Furthermore, the Memorandum does not contradict the fact that Leland has a purchase option, which was the consideration for the oral licenses granted.

## There Was No Interference With Prospective Economic Advantage

Contrary to your contention, our clients have not interfered with your client's prospective economic advantage. Initially, your purported "facts" of what transpired are incorrect, as our clients did not contact the prospective buyer of Saylor Publications. Rather, your client's representative, Jim Horvath ("Horvath"), placed prospective buyer, Stephen Vedder ("Vedder"), in contact with Bradley Saylor ("Bradley"), the Managing Director of LS&A. The purpose of arranging the communication was that Vedder wished to discuss with Leland his ideas on updating the Manuals, which is understandable, as a substantial portion of the value of the Manuals are derived by Leland's license of his Mark and name and likeness. During the brief communication initiated by Vedder, Vedder asked Bradley if Leland had any ownership interest in the intellectual property he thought he was buying in purchasing Saylor Publications. In

Letter to Mr. Braun, Esq.
August 30, 2010
Page 3

response, Bradley, without getting into specific details, truthful answered that Leland did, and that Leland also had a purchase option.

"A plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must be plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." (*Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 376, 393.) "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1159.) This is true for negligent as well as intentional interference with economic advantage. (*Lange v. TIG Ins. Co.* (1998) 68 Cal.App.4th 1179, 1187.) Finally, an affirmative defense exists to a claim of interference when the defendant makes an honest claim to protect his own believed property interests, which includes bringing or threatening to bring a suit in good faith. (*Richardson v. La Ranchertia* (1979) 98 Cal.App.3d 73, 80-81.)

The aforementioned actions of our clients do not constitute interference with prospective economic advantage. In essence, Bradley simply truthfully answering a question posed by Vedder regarding Leland's claimed legal rights does not amount to an unlawful act, but rather, Bradley's answering of the question was privileged. Thus, there is no actionable claim against our clients even if Bradley's answering of Vedder's question results in Vedder not purchasing Saylor Publications or results in a price reduction. In any regard, should Vedder or any other party purchase Saylor Publications and invade on Leland's rights, as addressed above, the purchaser of Saylor Publications will also be purchasing a legal dispute with our clients.

### Notice of Revocation of Licenses

This letter represents official notice of the revocation of oral licenses to Leland's copyright on the Manuals and for the use of his Mark, name and likeness. Accordingly, please provide written confirmation, within ten (10) days, of your client's intent to discontinue use of the SAYLOR Mark and the copyrighted format, order and style of any construction cost reference manuals your client, or any successor in interest, may intend to publish.

On a related matter, arraignments for the transfer of the domain name, www.saylor.com, need to be made because continued use of the domain by your client will infringe Leland's Mark. Also, Leland is willing to pay the reasonable costs of transfer.

### Purchase Option

In order for Leland to determine whether he wishes to invoke his purchase option, the fair market value of Saylor Publications needs to be established. Accordingly, please advise as to the

Letter to Mr. Braun, Esq.
August 30, 2010
Page 4

mechanism your client wishes to use to establish the fair market value of Saylor Publications. And, as indicated above, as Leland is the owner of the Mark, use of his name and likeness, and the copyright for the Manuals, the value of each of these will not be considered in determining the fair market value of the stock of Saylor Publications, i.e., Leland need not purchase what he already owns.

### Loans to Strychaz and Saylor Publications

In October 1993, NSCG loaned Strychaz and Saylor Publications $10,000.00, as Strychaz did not have the funds to publish the Manuals (the "1993 Loan"). The 1993 Loan was reflected in a written promissory note executed by Strychaz, which was prepared by Bradley, who was working for Strychaz at the time, and provided for interest at the rate of 10% per annum (the "1993 Note"). Unfortunately, NSCG has been unable to locate the 1993 Note to date, but that is of no legal significance with respect to Strychaz and Saylor Publications' duty to make payment. No payments have been made on the 1993 Loan, but a credit of $2,500.00 was provided in 2000 for consulting services provided by Strychaz. Accordingly, $43,882.24 is currently due and owing on the 1993 Loan. And, while satisfaction of the 1993 Note was to be within one-year, NSCG and Strychaz subsequently agreed orally that payment need not to be made until either Strychaz and/or Saylor Publications had the funds to make payment or Strychaz would discontinue his operations of Saylor Publications.

Further, in November 1999, Strychaz was once again having trouble coming up with the funds necessary to publish the Manuals. Accordingly, NSCG loaned Strychaz and Saylor Publications $4,500.00, which would have the same terms as the 1993 Loan (the "1999 Loan"). Unlike the 1993 Loan, the 1999 Loan was not reflected in a written promissory note, but rather was strictly oral. No payments have been made on the 1999 Loan. Accordingly, $8,339.03 is due and owing.

### Conclusion

Please advise within ten (10) days as to your suggested procedure for the transfer of the domain and entry into an agreement regarding the establishment of reasonable deadlines for your client's discontinuance of use of Leland's Mark, name and likeness, and copyright. In addition, please advise of your client's suggested procedure to establish the fair market value of Saylor Publications in order that Leland may evaluate if he wishes to invoke his purchase option. Finally, it is requested that you advise as to what arrangements will be made to pay off the outstanding monies owed to NSCG.

Letter to Mr. Braun, Esq.
August 30, 2010
Page 5


    We thank you for your anticipated cooperation in resolving this situation amicably. Furthermore, my clients wish to share their condolences to the Strychaz family for their loss, and are disheartened that attorneys needed to get involved, as it was and continues to be their desire to resolve this situation informally, which is why Bradley requested Horvath coordinate a face to face meeting with the Strychaz family in the first instance.


                  Very Truly Yours


                  Brian E. Bisol


cc:    Bradley Saylor

**EXHIBIT "B"**

# ROYCE LAW FIRM | PLC

*Attorneys & Counselors*

Christopher R. Royce

Direct dial: 517.333.2514

*VIA EMAIL (mewallers@sierrawestgroup.com)*
*AND FIRST CLASS MAIL*

December 7, 2011

Mary Wallers
Sierra West Group
2730 Gateway Oaks, Suite 110
Sacramento, CA  95833

RE: ***Trademark Infringement***
       **SAYLOR, U.S. Trademark No. 3,976,948**

Dear Ms. Wallers:

My law firm represents Mr. Leland Saylor ("Mr. Saylor"), N. Saylor Consulting Group, Inc. ("NSCG") and Leland Saylor & Associates, Inc. ("LS&A"). I am writing to you because I have been informed that Sierra West Group ("Sierra West") recently acquired ownership of Saylor Publications, Inc. ("Saylor Publications") and has continued the infringement of the intellectual property of my clients.

Mr. Leland Saylor has trademark rights in the use of his name, SAYLOR (the "Mark"). U.S. Trademark Registration No. 3,976,948. His rights to the Mark are well documented and established wherein he began marketing and selling construction cost reference manuals in the early 1960s. Since that time, Mr. Saylor has personally used the Mark and licensed the Mark on a limited basis. One licensee of the Mark was Mr. Stan Strychaz, whose personal license was limited to the update and publication of construction cost manuals by and through Saylor Publications, Inc. ("Saylor Publications"), which maintains a website at www.saylor.com. In addition to the Mark, Mr. Saylor also licensed the use of his name, likeness and right of publicity to Mr. Strychaz. As you are certainly aware, Mr. Strychaz passed-away late last year. The personal licenses Mr. Saylor granted to Mr. Strychaz were automatically terminated as a result of his unfortunate death.

It is my understanding that Sierra West previously updated two indices published on Saylor Publication's website. Such publication was authorized under sub-license by Mr. Strychaz. Accordingly, the termination of Mr. Strychaz's license automatically results in the termination of the sublicense under which Sierra West historically updated and published these indices.

I am writing to officially confirm the termination of the license under which Sierra West previously used the SAYLOR Mark and the name likeness are right of publicity of Leland Saylor. Accordingly, it is hereby demanded that you and Sierra West remove all infringing content from its website on which you and Sierra West falsely represent to be

---

current editors and/or publishers of Saylor Construction Cost Manuals o Leland Saylor's building cost indices. Specific pages upon which such infringements occur include, but are not necessarily limited to:

> http://www.sierrawestgroup.com/index-1.html
> http://www.sierrawestgroup.com/index-2.html
> http://www.sierrawestgroup.com/index-4.html
> http://www.sierrawestgroup.com/LSI_Index/NDX2006.pdf
> http://www.sierrawestgroup.com/Sierra%20West%20Group,%20LLC-%20Education.pdf

Additionally, it is demanded that you and Sierra West immediately:

1. Cease and desist from the marketing or promotion of products and services through use of the Mark or the name or likeness of Mr. Saylor;
2. Cease and desist from falsely representing that Ms. Wallers and/or Sierra West are the current publisher/editor of Saylor construction cost manuals;
3. Cease and desist from falsely representing that Ms. Wallers and/or Sierra West are the current publisher/editor of indices belonging to Mr. Saylor;
4. Take down or modify the Sierra West website pages referenced above to remove infringing statements and material;
5. Dissolve Saylor Publications, Inc., or, alternatively, change the corporate name to avoid infringement of the SAYLOR mark;
6. Cease and desist from offering for sale any and all construction cost manuals previously published by Saylor Publications;
7. Remove the website currently hosted at www.saylor.com;
8. Transfer the domain www.saylor.com to Leland, or his assign, and;
9. Cease and desist from all activity infringing Leland's right of publicity and trademark, SAYLOR.

It is my clients' desire that this matter be resolved quickly and amicably. They will, however, take all action necessary to protect their rights. Please contact me immediately to confirm your intent to comply with the above demands. I look forward to hearing from you as soon as possible, but no later than 5:00 p.m. on December 14, 2011. If I do not hear from you by then, I will presume you have no intent on resolving this matter amicably and will proceed accordingly.

Regards,

**ROYCE LAW FIRM, PLC**

*/S/*

Christopher R. Royce

**ORIGINAL**

Name & Address:
Brian E. Bisol (State Bar No. 180672)
THE BISOL FIRM, APC
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612
Phone: (949) 769-3680; Fax: (949) 263-0005

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND S. SAYLOR,<br><br>               PLAINTIFF(S)<br>        v. | CASE NUMBER<br><br>CV12-7268 MWF(CWx) |
| SAYLOR PUBLICATIONS, INC., a California Corporation; SIERRA WEST LLC, a California Limited Liability Company; and MARY WALLERS, an individual;          DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S):

      A lawsuit has been filed against you.

      Within  __21__  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Brian E. Bisol, Esq._____, whose address is _19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____8-23-12_____

By: _____NANCY INTE_____
           Deputy Clerk

          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 7268 MWF (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>LELAND S. SAYLOR | DEFENDANTS<br>SAYLOR PUBLICATIONS, INC., a California corporation; SIERRA WEST LLC, a California Limited Liability Company; and MARY WALLERS, an individual; |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Brian E. Bisol (State Bar No. 180672), THE BISOL FIRM, APC<br>19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612<br>Telephone (949) 769-3680, Fax (949) 263-0005 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country ☐ 3 | | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No  ☑ MONEY DEMANDED IN COMPLAINT: $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement / False Designation of Origin / Unfair Competition (15 U.S.C. Section 1125(A)); Trademark Dilution (15 U.S.C. Section 1125(C))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-7268 MWF(CWx)**

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Leland S. Saylor, San Francisco County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Saylor Publications, Inc., Los Angeles County | Sierra West, LLC and Mary Wallers, Sacramento County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
⠀⠀Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date August 23, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |